## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, INC., | ) ) ) ) | |
| Plaintiff; | ) ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 17-0152-CG-M |
| NATIONWIDE EQUIPMENT TRAINING , LLC, and DONALD CHILDERS, | ) ) | |
| Defendants. | | |

## ORDER

This matter is before the Court on Defendants' response  (Docs. 41) to the Show Cause Order, Plaintiff's reply (Doc. 42), and Defendants' motion to appoint counsel (Doc. 39).  For reasons which will be explained below, the Court finds that Defendants' motion to appoint counsel should be denied and that sanctions should be imposed against the Defendants for Civil Contempt.

A stipulated joint permanent injunction was entered in this case and the case was dismissed with prejudice on July 18, 2017. (Docs. 28, 30).  In the order dismissing this case, the Court stated that it "shall retain jurisdiction for the purpose of enforcing the terms of the Stipulated Permanent Injunction Order." (Doc. 30).  On September 30, 2020, Plaintiff filed a motion requesting this Court enter an order requiring Defendants to show cause why they should not be held in civil contempt of court. (Doc. 31).  In its motion, Plaintiff reported that it has evidence of

at least 47 instances where Defendants willfully disregarded the Permanent Injunction. Plaintiff detailed the alleged violations and submitted supporting declarations and other documentation. Plaintiff's motion also requested discovery to determine the breadth and depth of Defendants' violations and requested that the Court consider enlarging the Permanent Injunction and imposing monetary sanctions together with attorneys' fees and costs. As monetary sanctions Plaintiff requested $500.00 per violation for a total of at least $23,500.00 for the 47 known violations.

On October 6, 2020, this Court granted Plaintiff's motion to enter a show cause order and required Defendants to show cause, by October 21, 2020, why they should not be held in civil contempt and why the other relief sought by Plaintiff should not be granted. (Doc. 33).  Defendants' counsel thereupon moved to withdraw as he now works at a different law firm and continued representation of the Defendants would cause a conflict of interest. (Doc. 34).  The Court allowed defense counsel to withdraw and ordered Defendant Nationwide Equipment Training, LLC ("NEC") to obtain counsel by November 16, 2020 because corporations must generally be represented by counsel. (Docs. 35, 38).  The Court also extended Defendants' deadline to respond to the show cause order to November 23, 2020. (Doc. 38).

Defendants filed a letter with the Court requesting that they be appointed a public defender and be given an extension "to get his affairs in place, and to recover from the surgery." (Doc. 39 PageID.630).  In the letter Mr. Childers represents that

he cannot afford an attorney. Childers attached pay statements showing that as of October 15, 2020, his total gross earnings from the FR Fire Dept for this year are $80,922.99. His letter indicates he also works for FEMA search & rescue and that in addition he makes between $2,000 - $4,000 every other month teaching a class. Although the cost of living in California where Childers resides may be high, his reported income does not persuade the Court that he or his company is indigent and unable to afford counsel.

Moreover, counsel should only be appointed for a civil litigant in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir.1996).  To determine if exceptional circumstances exist, a court should consider a variety of factors such as "the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir.1989). Under the circumstances here, the Court finds appointment of counsel is not appropriate.

One day after the deadline to file a response, on November 24, 2020, Defendants filed a response to the show cause order. (Doc. 41). The Court hereby grants the request for an extension contained in Defendants' letter (Doc. 39) to the extent that Defendants' response is accepted as timely. The response contains eight numbered paragraphs which each address one of Plaintiff's allegations that Defendants violated the permanent injunction. In each paragraph Defendants give details and circumstances of the violation and explain why they violated the permanent injunction. In one instance, Defendants claim to have misunderstood the

specific terms of the permanent injunction. As to other violations, Defendants downplay the gravity of the violation and/or question the propriety of the injunction terms. Defendants claim to have committed the violations simply because Childers is a "nice guy."

This Court is empowered by 18 U.S.C. § 401 to punish parties who violate its orders, injunctions, and judgments.  "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).  Upon a *prima facie* showing of a violation, the burden shifts to the alleged contemnor to defend his or her failure to comply by showing that, although he or she may have taken all reasonable steps to comply, he or she was unable to comply.  *United States v. Rylander*, 460 U.S. 752, 757 (1983).  If the alleged contemnor makes a sufficient showing, the burden shifts back to the party seeking contempt who bears the ultimate burden of ability to comply.  *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir.), *cert. denied*, 479 U.S. 853 (1986).  Under normal circumstances a hearing is necessary before an alleged contemnor may be found in contempt; however, "when there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him." *Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990).

Here the Court finds that the Plaintiff in this case has met its burden of making a *prima facie* showing of a violation. Thus, the burden shifts to Defendants

to show that they did, in fact, comply or that they took all reasonable steps to comply but were unable to comply.  As Plaintiff points out in its reply (Doc. 42), though Defendants attempt to explain some of the violations away, Defendants have admitted to violating the permanent injunction. Defendants have not denied committing any of the 47 violations alleged by Plaintiff. Defendants also do not contend that they were unable to comply. Defendants stipulated and agreed to the terms of the permanent injunction and Plaintiff repeatedly sent formal letters to Mr. Childers notifying him of the violations and requesting that Childers cease and desist. (Docs. 32-4, 32-5, 32-6, 32-8, 32-11, 32-13, 32-15, 32-17).  The Court finds there are no disputed matters that would necessitate an evidentiary hearing. Defendants were clearly aware of the of the terms of the permanent injunction and willfully violated them. The Court finds that Defendants' actions were clear violations and that the Defendants could have complied but chose not to.

When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses ... and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citations omitted).  The Court notes that though Plaintiff's initial motion for show cause order requested discovery and suggested a possible expansion of the permanent injunction order, its reply (Doc. 42) only requests that Defendants be held in civil contempt of court for 47 known violations of the permanent injunction. In light of the fact that Defendants are not represented by counsel and have essentially admitted to the 47 violations, the Court finds it

appropriate to award damages for just the 47 known violations and declines to order an expansion of the permanent injunction or to order discovery to uncover any additional violations. However, if Defendants continue after entry of this order to violate the permanent injunction then, upon Plaintiff's motion, the Court may consider additional relief and/or harsher penalties. Plaintiff requested fines of $500.00 for each violation for a total amount of $23,500.00 plus attorneys' fees and costs incurred in enforcing the injunction. After considering all of the circumstances, the Court finds that $250.00 per violation plus attorney's fees is appropriate. Accordingly, the Court will award Plaintiffs $250.00 for 47 violations for a total of $11,750.00 plus attorneys' fees.

## CONCLUSION

For the reasons explained above, the Court hereby **DENIES** Defendants' motion to appoint counsel (Doc. 39), but **GRANTS** Defendants' request for an extension (Doc. 39), to the extent that Defendants' response (Doc. 41) is accepted as timely.

The Court further finds that Defendants are in **CONTEMPT OF COURT** for violating the Permanent Injunction entered in this case and a **SANCTION is hereby imposed against Defendants, jointly and severally,** in the amount of **$11,750.00 plus attorneys' fees and costs incurred by Plaintiff in connection with enforcing the injunction**. Said sanction shall be paid to Plaintiff and will be due once the attorneys' fees and costs are determined. Unless the parties can agree as to the appropriate amount of attorneys' fees and costs,

6

Plaintiff is **ORDERED** to submit on or before **December 21, 2020**, an accounting and supporting affidavits of any fees and costs which were reasonably incurred in enforcing the injunction. Any objection Defendants have to the reasonableness of the fees and costs submitted by Plaintiff should be filed on or before **January 4, 2021**.

      **DONE** and **ORDERED** this 4th day of December, 2020.

                               /s/ Callie V. S. Granade
                               SENIOR UNITED STATES DISTRICT JUDGE