IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, INC., <br><br> Plaintiff; <br><br> vs. <br><br> NATIONWIDE EQUIPMENT TRAINING , LLC, and DONALD CHILDERS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 17-0152-CG-M |

## ORDER

This matter is before the Court on Plaintiff's notice of filing affidavit and accounting in support of attorney's fees (Doc. 44). This Court previously found the Defendants to be in contempt of court for violating the Permanent Injunction entered in this case and imposed a sanction against Defendants in the amount of $11,750.00 plus attorneys' fees and costs. (Doc. 43). Plaintiff was ordered to submit an accounting and supporting affidavit of its fees and costs that were reasonably incurred in enforcing the injunction by December 21, 2020 and Defendants were ordered to file any objection Defendants had to the reasonableness of the fees and costs by January 4, 2021. Plaintiff submitted an accounting and supporting affidavit on December 21, 2020 as ordered and, to date, Defendants have not filed an

objection.

Generally, "[t]he starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To make this determination, the district court should consider the relevant factors among the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*[1] *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717–719 (5th Cir. 1974)). The product of these two numbers is referred to as the "lodestar" and there is a strong presumption that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Those that oppose a fee application must present objections and proof that are specific and "reasonably precise" concerning hours that they assert should be excluded." *Id.* (citation omitted).

After calculating the lodestar, "[t]he court may then adjust the lodestar to

---

[1] The Fifth Circuit instructed the district court to consider, on remand, the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases. 488 F.2d 714, 717–19.

reach a more appropriate attorney's fee, based on a variety of factors." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006). The presumption that the lodestar is reasonable "may be overcome" and the lodestar enhanced "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (citations omitted). The fee applicant "must produce specific evidence" that the "enhancement was necessary to provide fair and reasonable compensation." *Perdue*, 559 U.S. at 553 (citations omitted).

Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562–563 (1992); *Perdue*, 559 U.S. at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari,* 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

A.  Reasonable hourly rate

The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11, 104 S.Ct. 1541 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant market" is the "place where the case is

filed." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted). The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. In determining a reasonable hourly rate, *Johnson* factors three and nine—"the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability"—may be considered. Further, although the Court does not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this judicial district for attorneys of reasonably comparable skill, experience, and reputation to that of the attorney seeking an award of fees. *Norman*, 836 F.2d at 1299. Also, the court is familiar with the prevailing rates in this district and may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F. 2d at 1303); *see also* I*bezim v. GEO Grp., Inc.*, 786 Fed. Appx. 975, 976–77 (11th Cir. 2019) ("As for assessing the reasonableness of attorney's fees, the district court is qualified to make this decision based on its years of experience.").

In this case, Plaintiff retained attorney Danny J. Collier Jr. at a rate of $250 per hour to prosecute enforcement of the injunction. (Doc. 44, PageID.677). Mr. Collier has been practicing law for approximately 25 years. (Doc. 44, PageID.676). While Plaintiff has not offered evidence of prior awards or affidavit opinions of the prevailing market rates, the Court is familiar with the prevailing rates in this

district and finds the rate to be reasonable in this case. "[W]here documentation or testimonial support is lacking, the court may make the award on its own experience." *Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000); *Engeling v. Bashlin Indus., Inc.*, 2019 WL 3757784, at *1 (N.D. Ga. Feb. 7, 2019) ("Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." (quoting *Norman*, 836 F. 2d at 1303)).

B. <u>Hours reasonably expended</u>

The Court next determines the hours reasonably expended on the litigation. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). A district court should not allow any hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted). To determine the hours reasonably expended, the Court may consider the first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question.

Plaintiff's counsel reports he spent 17.2 hours in providing professional legal services to Plaintiff in this matter from September 15, 2020 through December 7, 2020. The Court has reviewed the accounting submitted by Plaintiff's counsel and all of the time requested appears to have been reasonably incurred in enforcing the

5

injunction. As such, and in light of there being no objection filed by Defendants, the Court finds that 17.2 hours were reasonably expended enforcing the injunction.

C. Calculating the lodestar

The Court has determined that Plaintiff is entitled to an hourly rate of $250 per hour for the services performed by Plaintiff's counsel and that counsel reasonably expended 17.2 hours to enforce the injunction in this action. Accordingly, the lodestar is $4,300.00. The parties have offered no reason to adjust the lodestar to reach a more appropriate attorney's fee. Accordingly, the Court finds that the lodestar amount is reasonable.

## CONCLUSION

For the reasons explained above, Plaintiff is hereby awarded as a sanction against Defendants for their violation of the Permanent Injunction, $11,750.00 plus attorney's fees in the amount of $4,300.00 for a total award of **$16,050.00**.

**DONE** and **ORDERED** this 15th day of January, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE